**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA AND STATE OF CALIFORNIA, ex rel John Doe, | Case No. 13 cv 04273 - RGK (MRWx) |
| | Assigned to: Hon. R. Gary Klausner |
| Plaintiffs, | |
| v. | **[PROPOSED] STIPULATED PROTECTIVE ORDER** |
| PAMC, LTD. and PACIFIC ALLIANCE MEDICAL CENTER, INC., | |
| Defendants. | |

1

1.  Purposes and Limitations

Defendants assert that discovery in this action is likely to involve production of confidential, proprietary, private, trade secret, protected health information, or otherwise protected material for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 5, below, that Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

2.  Good Cause Statement

Defendants assert that this action is likely to involve trade secrets; non-public business or financial information and/or confidential competitive information that, if disclosed, could result in competitive harm to the disclosing party, including but not limited to marketing and pricing strategy, confidential agreements with third parties, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted; non-public communications with regulators or other governmental bodies, that are protected from disclosure by statute or regulation. Defendants assert that such confidential and proprietary materials and information consist of, among other things: confidential business or financial information; information regarding confidential business practices or other confidential research, development, commercial information, including information implicating privacy rights of third parties; and information

otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Because this case involves hospitals, medical practice, physicians, and patients, medical records may be relevant.  Many such records include patient identifying information and are protected from disclosure by the physician-patient privilege, HIPAA, or other applicable law.  *See, e.g.*, 45 C.F.R. § 164.512(e)(1)(ii)(B) (requiring protective order prior to disclosure of minimally necessary protected health information in response to discovery requests absent individual notice to individuals); Cal. Civ. Code §§ 56 *et seq.*; Cal. Code Civ. Proc. § 1985.3(a)(1).

This case may also involve information submitted to governmental and/or regulatory agencies that is exempt from public disclosure, *see, e.g.*, 5 U.S.C. § 552(b)(4), (6), (7)(A), (7)(B), (7)(C), as well as information that the Producing Party is under a duty to preserve as confidential under an agreement with or other obligation of another person.  *See, e.g.*, *Deckers Outdoor Corp. v. JLJ Footwear, Inc.*, 2:14-cv-00202-SVW-SS (C.D. Cal. 2014), Dkt. No. 23, pg. 2 (approving protective order applicable to "[i]nformation that the Party is under a duty to preserve as confidential under an agreement with or other obligation to another Person").  In addition, personnel and employment information also may be relevant to this action and may contain information that should remain confidential.  *See, e.g.*, *Foltz*, 331 F.3d at 1134 (identifying "personnel information" as subject to protection); *Mardirossian v. Sears Holdings Man. Corp.*, 2:12-cv-08161-JAK-SS (C.D. Cal. 2012), Dkt. No. 23, pg. 2 (identifying "personnel files and other personnel-related information" as confidential); *Jefferson v. Boeing Co.*, 2:13-cv-04453-PSG-SS (C.D. Cal. 2013), Dkt. No. 18, pg. 2 (identifying "private personnel information of third party employees" as confidential). Finally, materials requested during the course of discovery may contain information that, if subject to public disclosure, could expose individuals to annoyance,

1    embarrassment, harassment, oppression or undue burden or expense. *See, e.g.*, Fed.

2    R. Civ. P. 26(c)(1); *cf.* 11 U.S.C. § 107(c)(1)(A).[1]

3         Good cause exists because, if such information was produced without a

4    protective order in place, then, among other things, the privacy rights of third parties

5    protected under Constitutional, statutory, and common law principles could be

6    violated; third parties could be exposed to embarrassment, theft, fraud, or harassment;

7    a Producing Party could be accused of breaching a statutory, contractual, or common

8    law duty to protect private and/or proprietary information from public disclosure;

9    competitors could unfairly leverage the time, money, and expertise invested by a

10   Producing Party to develop non-public, proprietary information (such as business and

11   marketing plans, research, pricing and sales information, and trade secrets), and

12   thereby irreparably injure the Producing Party in the marketplace.

13        Accordingly, to expedite the flow of information, to facilitate the prompt

14   resolution of disputes over confidentiality of discovery materials, to adequately

15   protect information the parties are entitled to keep confidential, to ensure that the

16   parties are permitted reasonable necessary uses of such material in preparation for and

17   in the conduct of trial, to address their handling at the end of the litigation, and serve

18   the ends of justice, a protective order for such information is justified in this matter.  It

19   is the intent of the parties that information will not be designated as confidential for

20   tactical reasons and that nothing be so designated without a good faith belief that it

21   has been maintained in a confidential, non-public manner, and there is good cause

22   why it should not be part of the public record of this case.

23     3.  Scope

24        This Order shall be applicable to and govern all Confidential Information

25   produced, furnished or created during the course of this Action, including any

26   materials or information sought from a non-party who receives a subpoena in

27

28
---
[1] By identifying these categories of information potentially subject to designation as Confidential Information, neither party waives any objections to discovery.

connection with this Action or otherwise produces materials or information in this Action.  The Confidential Information protected includes, but is not limited to: materials and information produced in response to requests for production of documents; answers to interrogatories; answers to requests for admission; responses to requests for production of documents; deposition testimony, exhibits, transcripts, and videotapes; all other discovery, pleadings, briefs, memoranda, affidavits, transcripts; and other materials furnished by or on behalf of any party to this Action.  Any summary, analysis, description, compilation, notes, excerpt, copy, electronic image or database containing Confidential Information shall be subject to the terms of this Order to the same extent as the material or information from which such summary, analysis, description, compilation, notes, excerpt, copy, electronic image, or database is made or derived.

This Order applies to all Confidential Information produced in this Action, regardless of whether such document or information was produced prior to or after entry of this Order.

In the event that non-parties produce Confidential Information in connection with this Action, the production may be made subject to the provisions of this Order. As necessary and appropriate to uphold the terms of this Order, the existence of this Order may be disclosed to any person (including any non-party served with a subpoena in this action) producing Confidential Information in this Action.

Nothing in this Order is intended to conflict with the applicable Local Rules. Insofar as anything in this Order could be interpreted as conflicting with the applicable Local Rules, the Local Rules will govern.  Any use of Confidential Information during a court hearing or at trial shall be governed by the orders of the presiding judge.

4.  <u>Definitions</u>

The term "Producing Party" means the party or non-party producing or disclosing documents or information that are designated as Confidential Information under this Order.

The term "Receiving Party" shall mean the party or parties to whom Confidential Information is produced or otherwise disclosed.

The term "Confidential Information" shall mean documents or information designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pursuant to this Order. Material shall be designed "CONFIDENTIAL" if it is eligible for protection under Federal Rule of Civil Procedure 26(c). Material shall be designed "HIGHLY CONFIDENTIAL" if it is eligible for protection under Federal Rule of Civil Procedure 26(c) and it is extremely sensitive material, disclosure of which to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

5.  <u>Confidential Information</u>

Any party to this Action may designate information or documents produced in this Action as "Confidential Information" if such party has the reasonable and good faith belief that such information is non-public and constitutes her, his, or its trade secret, other confidential information within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or otherwise protected from public disclosure. This includes but is not limited to confidential research, development, or commercial information (as those terms are used in Fed. R. Civ. P. 26(c)), and personal medical information, private personal information, employment information, health information, and tax returns.

Any non-party may designate information or documents produced in this Action by that non-party as "Confidential" or "Highly Confidential" if such non-party has the reasonable and good faith belief that such information is non-public and constitutes her, his, or its trade secret, other confidential information within the

1  meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or otherwise

2  protected from public disclosure.

3      Any information supplied in documentary or other tangible form may be

4  designated by the Producing Party as Confidential Information by marking or

5  stamping on each page of such document, transcript, or exhibit, or on the face of such

6  thing, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL." Where such

7  marking of material is impossible or impractical (such as groups of documents in

8  native form), the Producing Party shall designate in writing, at the time of its

9  production, that the material contains Confidential Information. Information produced

10  by a non-party but subsequently designated as confidential by a party to the Action

11  shall be treated as Confidential Information, and the recipients shall either mark their

12  copies as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" or request that the

13  Producing Party provide a replacement set so marked.

14      Each Producing Party or non-party that designates information or items for

15  protection under this Order must take care to limit any such designation to specific

16  material that qualifies under the appropriate standards. The Producing Party must

17  designate for protection only those parts of material, documents, items, or oral or

18  written communications that qualify so that other portions of the material, documents,

19  items, or communications for which protection is not warranted are not swept

20  unjustifiably within the ambit of this Order.

21      Mass, indiscriminate, or routinized designations are prohibited. Designations

22  that are shown to be clearly unjustified or that have been made for an improper

23  purpose (e.g., to unnecessarily encumber the case development process or to impose

24  unnecessary expenses and burdens on other parties) may expose the Producing Party

25  to sanctions.

26      If it comes to a Producing Party's attention that information that it designated

27  for protection does not qualify for protection, that Producing Party must promptly

28  notify all other parties that it is withdrawing the inapplicable designation.

6.  <u>Use of Information</u>

All information or documents disclosed in this Action, whether or not containing Confidential Information, shall be used solely for purposes of this action and not in connection with any other litigation or judicial or regulatory proceeding or for any business, commercial, competitive, personal or other purpose.  This restriction does not apply to the United States or the State of California.

7.  <u>Restrictions on the Disclosure of Confidential Information</u>

(i.)   Confidential Information marked "CONFIDENTIAL" shall be maintained in confidence pursuant to this Order and shall be disclosed only to the following persons:

**a.**   Parties, including the United States and the State of California, and counsel for the parties, as well as their paralegal, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in the Action;

**b.**   Officers and employees of the named parties, but only insofar as reasonably necessary for the prosecution and defense of the Action;

**c.**   Non-party experts or consultants retained in good faith to assist the parties in connection with the Action, provided that they are not competitors and do not have a current employment or consulting relationship with competitors of Parties, and that prior to the time that any such expert or consultant is given access to Confidential Information, such person is provided with a copy of this Confidentiality Order and such expert or consultant shall execute an undertaking in the form of Exhibit A hereto agreeing to be bound by this Confidentiality Order, which undertaking shall be retained by counsel for the party who engaged such expert or consultant;

**d.**   Any witness or potential witness and counsel for that witness or potential witness.  If the witness or potential witness is neither currently employed by the Producing Party nor an expert witness covered by subparagraph c above, the Confidential Information may be disclosed to the witness or potential witness only if the Confidential Information is relevant to the Action and to the person's knowledge and potential testimony, and provided that prior to the time that any such witness or potential witness is given access to Confidential Information, such person is provided with a copy of this Confidentiality Order and (i) such person executes an undertaking in the form of Exhibit A hereto agreeing to be bound by this Confidentiality Order or, (ii) if the witness or potential witness refuses to executes the undertaking, counsel giving access to Confidential Information advises the witness or potential witness of the provisions of this Confidentiality Order and prevents such witness or potential witness from retaining possession of any Confidential Information;

**e.**   The Court, court personnel, jurors, court reporters, stenographers or video operators at depositions, court or arbitral proceedings at which Confidential Information is disclosed;

**f.**   Any persons requested by counsel to furnish services such as a mock trial or jury profiling; translation or court reporting services; demonstrative exhibit preparation; the creation of any computer database from documents; or the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving and review of Confidential Information, to the extent reasonably necessary to assist the parties in connection with the Action, provided that such person is provided with a copy of this

9

Confidentiality Order and such person shall execute an undertaking in the form of Exhibit A hereto agreeing to be bound by this Confidentiality Order, which undertaking shall be retained by counsel for the party who engaged such person;

**g.** Any other person designated by the Court, upon such terms as the Court may deem proper, or agreed to by written stipulation of the parties.

Materials designated "HIGHLY CONFIDENTIAL" shall be maintained in confidence pursuant to this Order and shall be disclosed only to the following persons:

**h.** Counsel for the parties, including counsel for the United States and the State of California, as well as their paralegal, investigative, technical, secretarial, and clerical personnel who are engaged in assisting them in the Action;

**i.** Non-party experts or consultants retained in good faith to assist the parties in connection with the Action, provided that they are not competitors and do not have a current employment or consulting relationship with competitors of Parties, and that prior to the time that any such expert or consultant is given access to Confidential Information, such person is provided with a copy of this Confidentiality Order and such expert or consultant shall execute an undertaking in the form of Exhibit A hereto agreeing to be bound by this Confidentiality Order, which undertaking shall be retained by counsel for the party who engaged such expert or consultant;

**j.** The Court, court personnel, jurors, court reporters, stenographers or video operators at depositions, court or arbitral proceedings at which Confidential Information is disclosed;

**k.** Any persons requested by counsel to furnish services such as a mock trial or jury profiling; translation or court reporting services; demonstrative exhibit preparation; the creation of any computer database from documents; or the production, reproduction, organizing, filing, coding, cataloging, converting, storing, retrieving and review of Confidential Information, to the extent reasonably necessary to assist the parties in connection with the Action, provided that such person is provided with a copy of this Confidentiality Order and such person shall execute an undertaking in the form of Exhibit A hereto agreeing to be bound by this Confidentiality Order, which undertaking shall be retained by counsel for the party who engaged such person;

**l.** The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

**m.** Any other person designated by the Court, upon such terms as the Court may deem proper, or agreed to by written stipulation of the parties.

Counsel is responsible for ensuring that those persons identified in subsections (c), (d), (f), (i) and (k) of this section are aware of the terms and conditions of this Confidentiality Order, and Counsel may fulfill this obligation by obtaining a signed Confidentiality Agreement in the form attached as Exhibit A.

8.  Filing Confidential Information.

Without written permission from the Producing Party or a court order secured after appropriate notice to all interested persons, a party may not file in the public record in this action any Confidential Information. A Party that seeks to file under seal any Confidential Information must comply with Civil Local Rule 79-5, including the requirement that such party meet and confer with the Producing Party regarding the Confidential Information to be filed under seal under Civil Local Rule 79-5.2.2(b). Confidential Information may only be filed under seal pursuant to a court order authorizing the sealing of the specific Confidential Information at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Confidential Information at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  The parties will strictly comply with Judge Klausner's Standing Order Item No. 15 regarding the obligations of the Producing Party to support its request that the documents be kept under seal within 48 hours of the Notice of the filing of the Application to Seal.  This obligation of the Producing Party applies even if the Application to Seal is filed by the Receiving Party. If a Receiving Party's request to file Confidential Information under seal pursuant to Civil Local Rule 79-5(e) is denied by the court, then the Receiving Party may file the Confidential Information in the public record pursuant to Civil Local Rule 79-5(e)(2) unless otherwise instructed by the court.

9.  Procedure for Designating Deposition Testimony

In the event that any question is asked at a deposition that involves or calls for the disclosure of Confidential Information, the witness shall nevertheless answer such question unless he or she has an independent basis for not responding, provided that the only persons in attendance at the deposition are persons who are permitted to receive the Confidential Information.  Testimony given at a deposition may be designated as Confidential Information by making a statement to that effect on the record.  Alternatively, within thirty (30) business days after receipt of a transcript, the

parties also may designate such transcript or any portion thereof by notifying all parties, in writing, of the specific pages and lines of the transcript which should be treated as Confidential Information.  All deposition transcripts shall be treated as "Confidential" until thirty (30) business days after receipt thereof by counsel for the parties and counsel for the witness.  The reporter for any deposition shall mark with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" pages that contain testimony designated as Confidential Information during the deposition.

10. <u>Use of Confidential Information at Pre-trial Hearings</u>

This Order does not govern the conditions under which Confidential Information can be used at pre-trial or trial proceedings.  In the event that a Receiving Party intends to use Confidential Information during a pre-trial hearing that has not otherwise been identified in a motion or other filing relating to the pre-trial hearing, the parties agree that the Receiving Party shall notify the Producing Party reasonably in advance of the hearing so that a Producing Party can raise issues relating to confidentiality with the Court.  Nothing in this provision, however, shall be construed as preventing a presiding judge from allowing or permitting Confidential Information to be disclosed at a pre-trial hearing, limiting the right of a party to object to evidence offered without advance notice at a pre-trial hearing, or as limiting a Producing Party's right to object to or seek a separate protective order to govern use of Confidential Information at a pre-trial hearing.

11. <u>Disclosure to Experts</u>.

The Parties are required to disclose any expert's relationship with a competitor of Parties that develops while an expert is in possession of Confidential Information.

If a Receiving Party is going to disclose Confidential Information of another Party to an expert or consulting expert pursuant to Paragraphs 7(c) or 7(i), and the Receiving Party wants to assess whether the expert or consulting expert is a competitor of the Producing Party, the Receiving (*i.e.,* disclosing) Party may disclose to the Producing Party the name of the expert along

with a copy of the signed Exhibit A to this agreement, a curriculum vitae of the proposed expert, and the basis for any potential conflict, at least five (5) business days before the Confidential Information is shown to such an expert.  If the Receiving Party does voluntarily choose to disclose the name of the expert, the Producing Party may object to the disclosure of the Confidential Information to the expert if, and only if, the Producing Party reasonably believes the expert has a conflict of interest in receiving the Confidential Information (*e.g.,* the expert is currently working for a competitor of the Producing Party).  If no objection is made in writing to such person's receipt of Confidential Information within such five (5) business day period, the Confidential Information may be disclosed to such person.  If an objection is made, the Producing (*i.e.,* objecting) Party may bring before the Court the question of whether the Protective Material may be disclosed to such person within five (5) business days of the written objection being made.  No disclosure of any Confidential Information to such person shall be made until the Court has fully resolved the dispute regarding disclosure of the Confidential Material to the person in question.  In the resolution of such matter, the Producing Party shall have the burden of establishing before the Court the reasons for denying disclosure to such person.  All signed undertakings shall be maintained by the party receiving the undertakings through the conclusion of this Action.

A Producing Party's failure to object within the five (5) business days preceding the disclosure to an expert does not operate to waive any right of the Producing Party to object to the expert with respect to an undisclosed conflict of interest or to the admission or use of the expert's opinion at trial (or in pre-trial proceedings) for any procedural or evidentiary reason including, but not limited to, objections based on the qualifications, credibility, or suitability of the expert.

12. Inadvertent Production of Privileged Materials

Pursuant to Fed. R. Evid. 502(d), disclosure of privileged or otherwise protected information is not waived for purposes of other actions or proceedings by inadvertent

disclosure in this action.  In the event any document is produced that the Producing Party later claims is protected by the attorney-client privilege, work product doctrine or other privilege or immunity, the production shall not be deemed a waiver or impairment of any claim of privilege or protection or the subject matter thereof, provided that the Producing Party shall immediately notify the Receiving Party in writing when the inadvertent production is discovered.  Within five (5) business days of receiving written notice, along with a log accurately describing such material consistent with Fed. R. Civ. P. 26(b)(5)(A), from the Producing Party that privileged or protected information has been inadvertently produced, the Receiving Party shall (a) return all such information, and all copies thereof, to the Producing Party, reviewing such information (if at all) no more than is permitted by the applicable ethical rules; (b) take all reasonable steps to retrieve the information if the Receiving Party disclosed it before being notified; and (c) certify that any materials prepared by the Receiving Party incorporating such information, such as notes, memoranda, etc., have been destroyed.  If the Receiving Party wishes to challenge the claimed privilege, work-product protection or immunity, the Receiving Party must still comply with (a) and (b) in the preceding paragraph, except that the Receiving Party may retain any notes referencing the Confidential Information insofar as such retention is permitted by the applicable ethical rules and the notes are necessary to comply with Local Rule 37.

In the event the Receiving Party wishes to challenge the claimed privilege, work-product protection or immunity, the parties shall comply with Local Rule 37 in resolving their dispute.  The parties agree any permissible retention of notes referencing the Confidential Information for the sole purpose of complying with Local Rule 37 shall not be grounds for arguing that the document is not privileged, work-product-protected or otherwise immune, or that any privilege, protection or immunity was waived thereby.  During the pendency of the Local Rule 37 process, the Receiving Party shall make no other use or disclosure of the subject material or the

information contained therein.  If the motion is unsuccessful, the Receiving Party shall comply with (c) in the preceding paragraph.

13. Inadvertent Failure to Designate Confidential Information

Inadvertent failure to designate any material or information as Confidential Information pursuant to this Order shall not constitute a waiver of any otherwise valid claim for protection and may be remedied by supplemental written notice.  If such notice is given, all information so designated shall be fully subject to this Order as if it had been initially designated as Confidential Information.  After any designation is made in accordance with this paragraph, arrangements shall be made for the return to the Producing Party of all copies of the inadvertently undesignated documents and for the substitution, where appropriate, of properly labeled copies.

14. Purpose of Order

Nothing in this Order, nor the production of any documents or disclosure of any information pursuant to this Order, shall be deemed to have the effect of (i) an admission or waiver, including waiver under the rules of evidence, by any party or other subscriber to this Order; (ii) altering the confidentiality or nonconfidentiality of any such information; or (iii) altering any existing obligation of any party or other subscriber, or the absence of such obligation.

15. Challenges to Confidentiality Designation

If the Receiving Party disagrees with the confidentiality designation by the Producing Party, then the parties shall comply with Local Rule 37 in resolving the dispute.  Pending a determination by the Court, such information shall be treated by all parties as Confidential in accordance with this Order.

16. Subpoenas

If Confidential Information in the possession, custody, or control of any Receiving Party subject to this Order is sought by subpoena, motion, or other form of discovery request or compulsory process, the Receiving Party to whom the process or discovery request is directed, shall (i) on or before the second business day after

receipt thereof, give telephonic notice and written notice by hand, facsimile, or e-mail of such process or discovery request, together with a copy thereof, to counsel for the Producing Party; (ii) cooperate to the extent necessary to permit the Producing Party to seek to quash or modify such process or discovery request, consistently with Local Rules 37 and 45; and (iii) not make production or disclosure of such Confidential Information until the Producing Party consents in writing to production or the Receiving Party is required by a court order to produce such Confidential Information, so long as the order is not stayed prior to the date set for production or disclosure.

17. Disposition Upon Conclusion

Within sixty (60) days after final termination of this Action, including all appeals, all parties and experts, consultants and witnesses shall (i) return to the Producing Party or, with the consent of the Producing Party, destroy all originals of material produced and designated as Confidential Information and all identical copies, whether in whole or in part, of such documents, and (ii) destroy all copies thereof, as well as all notes, memoranda or other documents that summarize, discuss or quote materials produced and designated as Confidential Information, except that, with respect to word processing and database tapes and disks, they shall destroy or erase such tapes or disks to the extent practicable.  Outside counsel for each party shall be entitled to retain copies of any deposition transcripts and exhibits and any pleadings, motions, memoranda, or exhibits that have been filed with the Court or admitted into evidence and that contain or refer to information designated as Confidential Information, provided that all such documents shall remain subject to this Order. Counsel of record for the parties shall certify in writing to each Producing Party that the foregoing has been complied with.

18. Parties' Own Information

This Order shall not limit a Producing Party's use of its own Confidential Information.  Such disclosures shall not affect any designation of such documents as Confidential.

19. Remedies

If Confidential Information is disclosed to or comes into the possession of any person other than in a manner authorized in this Order, the party responsible for the disclosure shall immediately (1) inform those persons of this Order; and (2) inform the person who designated the material as Confidential Information and the other parties already subject to this Order that are in possession of such Confidential Information of all pertinent facts relating to such disclosure and shall make reasonable efforts to prevent further disclosure by each unauthorized person who received Confidential Information.

This Confidentiality Order will be enforced under applicable law.  All other remedies available to any person injured by a violation of this Confidentiality Order are fully reserved.

20. Notice

Notice under this Confidentiality Order shall be to the parties as follows, unless this provision is modified by the parties in writing and filed with this Court:

Notice to PAMC shall be made to:

> Kim Dunne
> SIDLEY AUSTIN LLP
> 555 West Fifth Street
> Los Angeles, CA 90013
> Tel: +1.213.896.6659
> kdunne@sidley.com.

Notice to Chan shall be made to:

> Don Warren
> WARREN BENSON LAW GROUP
> 7825 Fay Ave., #200
> La Jolla, CA 92037
> Tel: +1.858.454.2877
> donwarren@warrenbensonlaw.com

21. Jurisdiction

Unless prohibited by a statute, court order, or applicable rule, the parties may extend or modify deadlines under this Order by written stipulation amongst themselves or, where applicable, with third parties.

1   The Court retains jurisdiction to amend or modify this Order upon stipulation of

2   the parties to this Action, motion by a party or non-party, or on its own motion.

3   22. Right to Assert Other Objections

4   By stipulating to the entry of this Order, no Party waives any right it otherwise

5   would have to object to disclosing or producing any information or item on any

6   ground not addressed in this Order.  Similarly, no Party waives any right to object on

7   any ground to use in evidence of any of the material covered by this Protective Order.

8   23. Right to Further Relief

9   Nothing in this Order abridges the right of any person to seek its modification

10  by the Court in the future.

11  //

12  //

13  //

14  //

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

24. <u>Order to Remain in Force</u>

This Order shall survive and remain in full force and effect after termination of this Action.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.


Dated: August 16, 2016

SIDLEY AUSTIN LLP


By: /s/ *Emily Z. Culbertson*
Kimberly A. Dunne
Michelle Goodman
Emily Z. Culbertson
*Attorneys for Defendants*
*PAMC, Ltd. and Pacific Alliance*
*Medical Center, Inc.*

Dated: August 16, 2016

WARREN – BENSON LAW GROUP


By: /s/ *Donald R. Warren*
Donald R. Warren
*Attorney for Plaintiff Paul Chan*

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: August 17, 2016

Hon. Michael R. Wilner
United States Magistrate Judge

### FILER'S ATTESTATION

Pursuant to Local Rule 5-4.3.4(2)(i), I, Emily Z. Culbertson, attest that Donald R. Warren provided his authority and concurrence to file the instant document and place his electronic signature on the document as set forth above.

By: /s/ *Emily Z. Culbertson*
Emily Z. Culbertson

[PROPOSED] STIPULATED PROTECTIVE ORDER

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print full name], of

_____ _____ [print full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the Unites States District Court for the Central District of California on _____ [date] in the case of *Chan v. PAMC, Ltd. et al.,* Case No. 13 cv 04273-RGK (MRWx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print fully name] of

_____ [print full address and telephone number] as my California agent for service of process in connection with action to any proceedings related to enforcement of this Stipulated Protective Order.

Date:_____

City and State where sworn and signed: _____

Printed Name: _____

Signature:_____

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

State of California        )
                           )ss
County of Los Angeles      )

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 years and not a party to the within action.  My business address is 555 West Fifth Street, Suite 4000, Los Angeles, California  90013.

I hereby certify that on August 16, 2016, I electronically filed the following documents described as **[PROPOSED] STIPULATED PROTECTIVE ORDER** with the United States District Court, Central District of California by using the CM/ECF system. I certify that the following parties or their counsel of record are registered as ECF Filers and that they will be served by the CM/ECF system:

> Donald Warren, Esq.
> Warren Benson Law Group
> 7825 Fay Avenue, Suite 200
> La Jolla, CA 92037
>
> Caroline Burgunder
> Room 7516
> Federal Building
> 300 N. Los Angeles Street
> Los Angeles, CA  90012

For those parties not currently registered as ECF Filers, I also served the foregoing document(s) by U.S. Mail, as follows:  I placed true copies of the document(s) in a sealed envelope addressed to each interested party as shown above.  I placed each such envelope with postage thereon fully prepaid, for collection and mailing at Sidley Austin LLP, Los Angeles, California.  I am readily familiar with Sidley Austin LLP's practice for collection and processing of correspondence for mailing with the United States Postal Service.  Under that practice, the correspondence would be deposited in the United States Postal Service on that same day in the ordinary course of business.  The following parties were served in this manner:

[PROPOSED] STIPULATED PROTECTIVE ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Kamala D. Harris
Attorney General for the State of California
Nicholas N. Paul
Supervising Deputy Attorney General
1300 I Street, Suite 1740
Sacramento, CA  95814

Russell Hayman
McDermott Will & Emery
2049 Century Park East, 38th Floor
Los Angeles, CA  90067-3218

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 16, 2016, at Los Angeles, California.

Deborah J. Kelly

24